**David J. BAYLINK, Plaintiff–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Defendant–Appellee.**

No. 08–55270.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed May 15, 2009.

Russell J. Thomas, Jr., Thomas & Associates, Newport Beach, CA, for Plaintiff–Appellant.

Jonathan B. Klinck, Assistant U.S., Office of U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

David Baylink, M.D. ("Baylink"), appeals the district court's judgment following a bench trial in favor of his former employer the Secretary of Veteran Affairs (the "VA") on his claims of retaliation and constructive discharge. Baylink alleged that he was unlawfully retaliated against because of his administrative and EEO complaints alleging, among other things, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and that he was constructively discharged from his employment with the VA. The parties are familiar with the facts of this case, and we do not recount them here, except as necessary for understanding of our disposition. We have jurisdic-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tion under 28 U.S.C. § 1291, and we affirm.

We review the district court's factual findings for clear error and review its conclusions of law de novo. *Star v. West,* 237 F.3d 1036, 1038 (9th Cir.2001). "Clear error review is significantly deferential, and we must accept the district court's factual findings absent a definite and firm conviction that a mistake has been committed." *United States v. Gust,* 405 F.3d 797, 799 (9th Cir.2005) (internal citations and quotations omitted). "So long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact." *Id.* (internal citations and quotations omitted).

■ The district court, sitting as the trier of fact, found that Baylink did not establish the essential elements of retaliation by a preponderance of the evidence. Specifically, it found that Baylink did not establish a causal link between his protected activity and the adverse employment actions. *See Poland v. Chertoff,* 494 F.3d 1174, 1179–80 (9th Cir.2007) (setting forth the elements of a claim of retaliation). We conclude that this finding is not clearly erroneous.

■ The district court also found that the VA's adverse actions and Baylink's ultimate reassignment from research activities to clinical duties did not amount to constructive discharge because his new assignment was not so objectively intolerable that a reasonable person would have felt compelled to resign or retire. *See id.* at 1185 (finding plaintiff's transfer and demotion was insufficient to establish construc-

tive discharge because working conditions must "deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer") (internal quotation marks omitted). We agree.

■ The district court did not err when it declined to address Baylink's alleged due process claim because it was not an issue for trial. The due process claim was neither pled as a cause of action, nor listed as a claim in the Final Pretrial Order submitted by the parties.

**AFFIRMED.**